IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| DONOVAN ANTHONY MONCRIEFFE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal No. 1:07CR177 |
| ) | Civil Action No. 1:11CV118 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**MEMORANDUM OPINION**

This case comes before the Court on Donovan A. Moncrieffe's ("Petitioner") Motion To Vacate, Set Aside and/Or Correct His Sentence Pursuant to Title 28, U.S.C. Section 2255.

Petitioner, over the course of several years, conspired with co-defendants to commit a series of money laundering offenses. Raj Bansal, one co-defendant, was the leader of an illegal gambling and loan sharking organization. Petitioner was an associate of the organization and operated a moving company. In early 1997 and in furtherance of the conspiracy, Petitioner provided his moving company's warehouse as the location for casino games held by the organization. These gambling events were held twice weekly, attended by up to 20 participants, and yielded profits of up to $15,000 per night. Additionally, the Petitioner provided Bansal and

his sons with "no show" jobs between 1997 and 2004. That is, from the late 1990s through 2004, the Petitioner provided documentation to Bansal and his sons—in the form of W-2 wage statements and payroll checks exceeding $100,000—which gave the impression that the Bansals were legally employed. Petitioner's participation in the gambling business and underlying racketeering conspiracy was in all respects knowing and intentional.

On May 15, 2007, a grand jury in Alexandria, Virginia, returned an Indictment against the Petitioner and multiple co-conspirators. In June 2007, the Government obtained a Superseding Indictment, adding several charges. Count 1 of the Superseding Indictment charged the Petitioner with conspiracy to violate the Racketeering Influenced and Corrupt Organizations Act in violation of Title 18, United States Code, § 1962(d). Count 3 charged the Petitioner with conspiracy to commit money laundering in violation of Title 18, United States Code, § 1956(h). On July 13, 2007, the Petitioner was arraigned and a jury trial set for October 16, 2007.

On October 23, 2007, a jury found the Petitioner guilty on both counts. On March 17, 2008, the Court sentenced the Petitioner to thirty-three (33) months of incarceration and two (2) years supervised release on each count, with the sentences to run concurrently. On April 21, 2010, the Fourth Circuit affirmed the Petitioner's conviction and sentence, finding that review of the

record showed that Petitioner participated in the illegal gambling and money laundering conspiracies and the Government was not required to prove that he participated in the other conspiratorial acts. Similarly, the Fourth Circuit held that the Court properly denied Petitioner's Motion For Judgment Of Acquittal on the conspiracy to launder money count. Finally, the Fourth Circuit also found no abuse of discretion in the Court's limiting closing arguments or in its jury instructions. United States v. Moncrieffe, 319 Fed. Appx. 249 (4th Cir. 2009). The Petitioner filed a Writ Of Certiorari and on November 1, 2010, the Supreme Court denied certiorari. See Moncrieffe v. United States, 131 S.Ct. 544 (2010).

"Under 28 U.S.C. §2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Cameron v. United States, No. 1:06CR343, 2008 WL 1984254, at *1 (E.D. Va. May 5, 2008) (citing 28 U.S.C. §2255; Hill v. United States, 368 U.S. 424, 426-27 (1962)). Petitioner bears the burden of proof by a preponderance of the evidence. Id. at *1 (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

Claims of ineffective assistance of counsel are evaluated by the rigorous two-pronged test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The first prong addresses a counsel's professional competence. A defendant must demonstrate that, in light of all the circumstances as they appeared at the time of the conduct, "counsel's representations fell below an objective standard of reasonableness," i.e., "prevailing professional norms." Strickland, 466 U.S. at 687-88.

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004), cert. denied, 543 U.S. 983 (2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir.), cert. denied, 522 U.S. 833 (1997). For a defendant to overcome this presumption, "the analysis of counsel's performance typically must be comprehensive; i.e., not narrowly limited to a review of counsel's failings." See Strickland, 466 U.S. at 689. The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Id. The Court noted in particular that the reasonableness of counsel's actions often depends on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691.

To satisfy the second prong of the Strickland test, "[t]he defendant must show that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." See Strickland, 466 U.S. at 694. In other words, a defendant must affirmatively prove prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. See Strickland, 466 U.S. at 687, 693.

The Fourth Circuit has labeled the two prongs of the Strickland test as the "performance prong" and the "prejudice prong." See Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Strickland, 466 U.S. at 700.

The Petitioner first claims entitlement to relief on the theory that his attorney did not advise him of his right to testify at trial. The Petitioner correctly points out that there is an absolute right to testify on one's own behalf. Rock v. Arkansas, 483 U.S. 44, 49 (1987). To prevail on this claim, the Petitioner needs to show that his attorney failed to advise him of this right and in doing so fell below the "objective standard of "reasonableness" and that this shortcoming resulted in prejudice that is so serious as to have deprived him of a fair trial, a trial whose result is unreliable. Strickland, 466 U.S. at 694. Since the Petitioner must prove both

prongs, there is no need "to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. See also Fields, 956 F.2d at 1297; Terry, 366 F.3d at 315; and Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983).

The analysis of Petitioner's first theory need not reach the prejudice prong. The Petitioner's attorney did advise him of his right to testify at trial. Petitioner's attorney, Christopher Leibig, fully explained to the Petitioner that it was Petitioner's decision whether to waive his right to testify. They had a lengthy conversation about the benefits and possible drawbacks, and ultimately, Moncrieffe decided that testifying on his own behalf would not be in his best interest. Since the Petitioner has failed to satisfy the performance prong, there is no occasion for this Court to address the prejudice prong. Petitioner's first claim is without merit. Petitioner's second claim that he was prejudiced by the cumulative impact of multiple deficiencies is not tenable under Fourth Circuit precedent. The argument that the cumulative effect of errors can establish a claim of ineffective assistance of counsel is specifically rejected by the Fourth Circuit. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1988). The Fisher court stated that errors in "ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than

6

collectively." Id. Petitioner makes more than a dozen assertions in the form of "could have but did not," all of which could be classified as trial strategy within the purview of counsel's judgment. Petitioner rightly does not claim that any of these isolated actions constitute ineffective assistance of counsel. Instead, he claims that the cumulative effect of these actions resulted in ineffective assistance. Simply put, this is not the law in the Fourth Circuit. As the Petitioner's second claim rests on the incorrect premise that cumulative errors can result in ineffective assistance of counsel, it also is without merit.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. 28 U.S.C. §2255.

However, "evidentiary hearings on 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (quoting United States v. DiCarlo, 575 F.2d 952, 954

(1st Cir. 1978)) (inner citations omitted).

The record demonstrates that an evidentiary hearing in this case would be an unnecessary waste of judicial and litigation resources because the files and records conclusively show that the prisoner is not entitled to relief. His claim that his attorney never advised him of his right to testify at trial is refuted by his attorney's affidavit, attached hereto, which states that the Petitioner was well informed of his right to testify and chose not to do so. Petitioner's second contention that the cumulative effect of his attorney's actions resulted in ineffective assistance of counsel is not in accordance with Fourth Circuit law. Petitioner's claims are conclusively refuted, and there is no reason to hold an evidentiary hearing.

For these reasons the Petitioner's Motion To Vacate, Set Aside and/Or Correct His Sentence Pursuant to Title 28, U.S.C. Section 2255 should be denied.

An appropriate Order shall issue.

                                        /s/
                                 Claude M. Hilton
                            United States District Judge

Alexandria, Virginia
February 13, 2012